UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHARLES RAY LINDSEY | CIVIL ACTION NO. 13-2912 |
| LA. DOC #564560 | |
| | |
| VERSUS | JUDGE ROBERT G. JAMES |
| | |
| WARDEN TIM KEITH | MAGISTRATE JUDGE HAYES |

MEMORANDUM ORDER

On October 18, 2013, Petitioner Charles Ray Lindsey ("Lindsey") filed a Petition for Writ

of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254.  Lindsey attacked his 2010 convictions for

aggravated arson and unauthorized entry of an inhabited dwelling.  In his Petition, Lindsey raised

six general claims:  insufficiency of the evidence, denial of a preliminary hearing, ineffective

assistance of counsel, failure to establish the corpus delicti of the crime, denial of a motion for

mistrial, and error in the admission of evidence.  With regard to his claims of ineffective assistance

of counsel, Lindsey cited five alleged deficiencies:  (1) that counsel made prejudicial comments to

the jury during closing argument, (2) that counsel convinced Lindsey to testify and then caused him

to make certain statements, (3) that counsel refused to comply with a court order, (4) that counsel

failed to subpoena a witness, and (5) that counsel failed to impeach a state witness.  Lindsey never

argued that counsel was ineffective for failing to disclose a plea offer to him.

On April 30, 2014, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No.

23] in which she recommended that the Court dismiss Lindsey's Petition.  After having received an

extension of time, on June 17, 2014, Lindsey timely filed objections to the Report and

Recommendation [Doc. No. 26].  On August 5, 2014, Lindsey filed an additional "response" in support of his Petition. [Doc. No. 27].

On October 21, 2014, having reviewed the record, including Lindsey's objections and response, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed Lindsey's Petition. [Doc. No. 28].  The same day the Court denied a certificate of appealability, finding that Lindsey failed to make a substantial showing of the denial of a constitutional right. [Doc. No. 29].

On or about November 3, 2014, Lindsey placed in the prison mailing system a Notice of Appeal.  [Doc. No. 30].

On November 5, 2014, the Clerk of Court received for filing a motion for extension of time to file a motion for new trial and/or for relief from judgment. [Doc. No. 32].  However, that same day, the Clerk of Court also received the instant Motion for Relief from Judgment.  [Doc. No. 33]. Accordingly, the Court denied the motion for extension of time as moot. [Doc. No. 35].

On November 18, 2014, the Court granted Lindsey's motion to proceed *in forma pauperis* on appeal.  His appeal remains pending before the United States Court of Appeals for the Fifth Circuit.

In the pending motion, Lindsey raises, for the first time, a claim that his now-deceased attorney failed to advise him that the State had offered him a plea agreement which would have resulted in his incarceration for six years, instead of the twenty-year sentence he is currently serving. He contends that his attorney's failure to communicate this offer constituted a violation of his Due Process and Sixth Amendment rights.  He contends that the State has deprived him of the opportunity to develop his ineffective assistance of counsel claims by holding an evidentiary hearing.

He moves this Court to set aside its judgment under Federal Rule of Civil Procedure 60(b)(1)-(4) and

(6).  Lindsey offers no explanation as to when he learned of his now-deceased counsel's alleged

failure to communicate a plea offer, no explanation as to why he failed to raise this claim in his State

court proceedings, and no explanation as to why he failed to raise this claim in his initial Petition

filed with this Court.

The State did not respond to Lindsey's motion.

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may

relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based

on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively

is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b)(1)-(6).

Lindsey moves from relief under grounds 1-4 and 6.

In his motion, Lindsey argues as follows:

Defense Counsel Lewis' failure to communicate to defendant Lindsey that the State
offered a plea agreement of six years for a guilty plea which I would have accepted
resulting in an increase of sentence of twenty years violated my Due Process and
Sixth Amendment rights under *United States v. Cronic*, 466 U.S. 648, 104 S. Ct.
2039, 80 L. Ed.2d 657 (1984) and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed.2d 674 (1984).

[Doc. No. 33, p. 1].  In a footnote, he cites the "State's Response to Defendant's

Application for Post Conviction (Feb. 17, 2012) at page 2, paragraph 2, lines 3-6 for newly

discovered purposes." [Doc. No. 33, p. 1 n.1].   In a handwritten notation, he writes, "I never had

a p.e." *Id.* He then argues that he raised "several substantial ineffective assistance of counsel claims" in the state court habeas proceedings, but he was not allowed to "develop" these claims in an evidentiary hearing. *Id.*

Having reviewed Lindsey's arguments, the Court understands his position to be that he did not initially discover counsel's failure to disclose this alleged plea offer because there was no preliminary hearing. However, once he discovered counsel's alleged failure, he did not exhaust his state court remedies. Instead, he argues that his state court pleadings should be "liberally constru[ed]" [Doc. No. 33, p. 6] because he raised several ineffective assistance of counsel claims.

The Supreme Court has explained that a Rule 60(b) motion is typically considered a successive § 2254 application if it raises new claims or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

First, to the extent that Lindsey attempts to re-argue his claim of ineffective assistance of counsel based on the failure to have a preliminary hearing, that claim has been resolved on the merits. Lindsey has not presented the Court with any new evidence, argument, or law to support its setting aside of its previous ruling, and, under Supreme Court precedent, this claim is now successive.

Second, the Court finds that Lindsey is also improperly raising a new claim in his Rule 60(b) motion. Lindsey presents the Court with a bare bones allegation that his counsel was ineffective for failing to convey a plea offer without **any** evidentiary support and without any explanation for failing to raise this claim for the first time after habeas proceedings in both state and federal court have concluded. Lindsey makes no arguments which could be construed as an attack on procedural defects, rather than as a new substantive claim. Under Supreme Court precedent, this claim is also

4

a successive § 2254 filing.  Therefore, the Court is without authority to consider Lindsey's arguments

in this Motion for Relief from Judgment without his first obtaining leave from the Fifth Circuit.

Accordingly,

IT IS ORDERED that Lindsey's Motion for Relief from Judgment [Doc. No. 33] is DENIED.

If Lindsey wishes to pursue this new claim, he must seek authorization from the Fifth Circuit to do

so.[1]

MONROE, LOUISIANA, this 9th day of December, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1]When a petitioner's Rule 60(b) motion for reconsideration of a *habeas* petition is denied, the petitioner is normally required to obtain a certificate of appealability ("COA") to appeal to the Fifth Circuit.  In this case, having determined that Lindsey's motion is a successive petition, Lindsey needs to seek authorization from the Fifth Circuit to pursue this claim.  Out of an abundance of caution, however, the Court will separately issue an order denying a COA.