**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CHARLES RAY LINDSEY LA. DOC #564560** | **CIVIL ACTION NO. 13-2912** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIM KEITH** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Charles R. Lindsey's ("Lindsey") "Request [for] Relief from Judgment" [Doc. No. 43].

On October 18, 2013, Lindsey filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, attacking his 2010 convictions for aggravated arson and unauthorized entry of an inhabited dwelling.

On April 30, 2014, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 23] in which she recommended that the Court dismiss Lindsey's Petition. On October 21, 2014, having reviewed the record, including Lindsey's objections and response, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed Lindsey's Petition. [Doc. No. 28]. The same day the Court denied a certificate of appealability, finding that Lindsey failed to make a substantial showing of the denial of a constitutional right. [Doc. No. 29].

On or about November 3, 2014, Lindsey placed in the prison mailing system a Notice of Appeal, which was received by the Clerk of Court on November 5, 2014. [Doc. No. 30]. In that Notice of Appeal, Lindsey stated that he was appealing the Court's judgment of dismissal and further

stated that he also wished to appeal "in the event his Motion for New Trial and/or Relief from Judgment is denied." *Id.*

On November 5, 2014, the Clerk of Court received for filing a motion for extension of time to file a motion for new trial and/or for relief from judgment. [Doc. No. 32]. However, that same day, the Clerk of Court also received the Motion for Relief from Judgment mentioned in his Notice of Appeal. [Doc. No. 33]. The Court denied the motion for extension of time as moot. [Doc. No. 35].

On December 9, 2014, the Court denied Lindsey's Motion for Relief from Judgment. [Doc. No. 38]. The Court found that Lindsey's claims were successive; he improperly attempted to re-argue his claim of ineffective assistance of counsel based on the failure to have a preliminary hearing when that claim had been resolved on the merits, and he also attempted to raise a new claim which he could have presented in his original filing.

Also on December 9, 2014, the Court denied Lindsey a Certificate of Appealability because he had failed to make a substantial showing of the denial of a constitutional right.

On appeal, the Fifth Circuit denied Lindsey a Certificate of Appealability and dismissed his appeal, stating:

> Lindsey did not file a notice of appeal regarding his postjudgment motions. See FED. R. APP. P. 4(a)(4)(B)(ii). In addition, to the extent he raised new ineffective-assistance claims, his postjudgment motions were successive. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). These issues do not deserve encouragement to proceed further. Lindsey also fails to make the requisite showing as to his remaining claims.

[Doc. No. 42].

In the instant motion, Lindsey now moves the Court for relief from judgment because the

Fifth Circuit "erroneously held that I did not give this court Notice of Appeal the post-judgment motions and request for a COA when in fact the record clearly states the same in the Notice of Appeal."

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)-(6).

In this case, Lindsey is moving the Court to set aside the judgment of the Fifth Circuit, based on that Court's allegedly incorrect factual statement. First, the Court has no authority to set aside the judgment of the appellate court. Lindsey's proper recourse is to move that Court to alter or amend its judgment.

Moreover, even if this Court had authority to grant the relief requested, such relief is not supported by Rule 60(b) or the facts. Lindsey's appeal of the Court's denial of his Motion for Relief from Judgment appears to be premature. Although he attempted to appeal a decision on that motion in his Notice of Appeal of the Court's October 21, 2014 Judgment [Doc. No. 28], the Court had not considered, much less made any decision on, the motion at that time.

Additionally, even if Lindsey's premature notice of appeal was proper,[1] the Fifth Circuit clearly stated that his new ineffective assistance claims were successive, did not deserve further encouragement, and, finally, that he had not made the requisite showing for a certificate of appealability. Thus, for all of these reasons,

IT IS ORDERED that his Request for Relief from Judgment [Doc. No. 43] is DENIED.

MONROE, LOUISIANA, this 16th day of September, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

[1]Under FED. R. APP. P. 4(a)(2), "[a] notice of appeal filed after the court announces a decision or order–but before the entry of the judgment or order–is treated as filed on the date of and after the entry. (emphasis added). This rule renders of Notice of the Appeal of the Court's Judgment timely, but does not address an appeal of his Motion for Relief from Judgment. Under FED. R. APP. P. 4(a)(4)(B)(ii), however, "[i]f a party files a notice of appeal after the court announces or enters a judgment–but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a Rule 60(b) motion]–the notice becomes effective to appeal a judgment or order, in whole or in part, when order disposing of the last such remaining motion is entered." Typically, a party would need to file an amended notice of appeal to include the Court's denial of its posttrial motion. *See Weatherly v. Alabama State Univ.*, 728 F.3d 1263 (11th Cir. 2013). However, in these genuine circumstances where Lindsey's Notice of Appeal DID state his intent to appeal the Court's denial of his posttrial motion, it is arguable that his Notice of Appeal is effective under Rule 4(a)(4)(A) to appeal both the Court's Judgment and its denial of his Motion for Relief from Judgment. Nevertheless, even if his Notice of Appeal was effective, for the other reasons stated, his motion must be denied.